UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
TRU-ART SIGN CO., INC.,

                    Plaintiff,              <u>MEMORANDUM AND ORDER</u>

     -against-                          CV 2:11-cv-01709 (LDW) (GRB)

LOCAL 137 SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION,

                    Defendant.
------------------------------------------------------X
WEXLER, District Judge

      Plaintiff Tru-Art Sign Co., Inc. ("Tru-Art") brings this action against defendant Local 137 Sheet Metal Workers International Association ("Local 137") under section 303 of the Labor Management Relations Act, 29 U.S.C. § 187, for engaging in unlawful secondary boycott activity in violation of section 8(b)(4) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §158(b)(4). Local 137 moved to dismiss the action under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) and, alternatively, to strike certain allegation under FRCP 12(f)(2). Tru-Art opposed the motion.

      As one of the grounds for dismissal, Local 137 argued that Tru-Art lacks the capacity to bring and maintain this action. Following submission of Local 137's motion, Tru-Art moved to file a surreply in response to alleged new facts presented in Local 137's reply papers concerning the alleged lack of capacity issue. However, by letter dated November 3, 2011, Local 137 has withdrawn that ground for dismissal, based on certain information Local 137 recently received from the New York State Department of State

concerning Tru-Art's corporate capacity. Accordingly, the only remaining ground for dismissal is the purported failure to state a claim upon which can be granted.

As alleged in the complaint, Tru-Art is a manufacturer and installer of signs, and Local 137 is a union representing sign workers. In short, Tru-Art alleges that Local 137 violated NLRA § 8(b)(4) by threatening and coercing Wells Fargo bank to cease utilizing Tru-Art to install commercial signs at its offices because Tru-Art's employees were not represented by Local 137. In these respects, Tru-Art alleges, *inter alia*, that Local 137 issued various threats to Wells Fargo so that Wells Fargo would cease using Tru-Art to install re-imaged aluminum signs at Wells Fargo-owned Wachovia branch locations. *See* Complaint ¶ 25. According to Tru-Art, Local 137's threats were made for the purpose of causing Wells Fargo contractors, vendors, and subcontractors to cease doing business with Tru-Art, and, consequently, Wells Fargo terminated its use of Tru-Art and contracted with another sign installation company whose employees are represented by Local 137. *Id.* ¶¶ 26, 27, 30-32.

In determining the complaint's sufficiency, the Court assumes that plaintiff's allegations are true and draws all reasonable inferences in plaintiff's favor, *see Plair v. City of New York*, 2011 WL 2150658, *2 (S.D.N.Y. 2011), mindful, however, that a plaintiff is required to plead enough facts "to state a claim for relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 550 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Upon consideration, the Court finds that Tru-Art's complaint

is sufficient to state a claim for violation of NLRA § 8(b)(4) – the secondary boycott provision, which "prohibits a union from engaging in or inducing or encouraging strikes and picketing against an employer with whom it does not have a dispute, with an object of forcing that secondary employer to cease doing business with a primary employer," *NLRB v. Local 3,* 730 F.2d 870, 875-76 (2d Cir. 1984). The complaint states a plausible claim for relief under NLRA § 8(b)(4), while providing fair notice of the claim and the grounds upon which it rests.

Accordingly, Local 137's motion to dismiss is denied.

SO ORDERED.

/s/
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
January 10, 2012