Nathaniel K. Charny (NC 5664)
Charny & Associates
9 West Market Street
Rhinebeck, New York  12572
Tel - (845) 876-7500
Fax - (845) 876-7501
ncharny@charnyandassociates.com

Attorneys for Defendant Local 137

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TRU-ART SIGN CO., INC.,

      Plaintiff,

 v.

LOCAL 137 SHEET METAL WORKERS INTERNATIONAL ASSOCIATION,

      Defendant.

Case No. 2:11-cv-1709 (LDW) (GRB)

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

  Defendant Local 137 Sheet Metal Workers International Association (Defendant) makes this submission in opposition to plaintiff Tru-Art Sign Co., Inc.'s (Plaintiff's) Motion in Limine filed at 4:55 pm the last business day before trial is to commence; literally, on the eve of trial.

  Plaintiff's motion should be rejected for two reasons:  (i) it fails in to satisfy this Court's most fundamental procedural rules; and (ii) it is frivolously without merit.

  Each is discussed below.

1

I.      Procedural Failures

First, Plaintiff failed to seek the obligatory "pre-motion conference with the Court" which "is required before making any motion."  Individual Rules, Judge Leonard D. Wexler, § 2(b).

Even if the Court were to forgive this fatal failure, Mr. Mauro's motion is out of time under the Local Rules.  Absent a Court order otherwise, Local Rule 6.1(b) requires parties to make all motions with fourteen (14) days' notice to their adversary to pose and file opposition.  Local Rule 6.1(B).

Third, Plaintiff's motion fails to provide a separate notice of motion under Local Rule 7.1(a)(1), providing Defendant with a specification of the applicable rules or statutes pursuant to which the motion is brought and specifying the relief sought by the motion.  See Local Rule 7.1(a)(1).

Exacerbating the procedural failures of the instant motion is the unequivocal truth that Mr. Mauro knew everything he needed to know to make this motion as of February 11, 2013, the date Mr. Mauro claims that Defendant waived a certain defense.

Also exacerbating the procedural failures of the instant motion is the procedural fact that Defendant made a timely pre-motion application to the Court for similar relief, see ECF Docket No. 74; Individual Rules, 2(B) (service of such a letter shall also constitute timely service of all other motions"), for which Plaintiff filed an opposition that makes no mention of what Plaintiff now raises on the eve of trial, see ECF Docket No. 75.

This motion is too late and too procedurally flawed for the Court's consideration.  On this basis alone it is respectfully submitted that the motion should be denied.

II.     The Motion is Frivolous

As best as can be parsed, Mr. Mauro alleges: (i) that "alleged poor performance" is an affirmative defense identified in FRCP 8(c)(i) that must be pled or it is waived; and/or (ii) argument made by undersigned counsel to the Magistrate six months ago regarding a wholly unrelated matter constitutes a waiver of the "alleged poor work performance" argument.

Respectfully, these are absurd propositions that should be rejected and frankly should never have been proffered by Mr. Mauro in the first place.

A.     "Alleged Poor Work Performance" is not an Affirmative Defense

FRCP 8(c)(i) does not, as Mr. Mauro would have it, require parties to plead every argument that they intent to make at trial. Instead, it obligates a party to plead only those identified affirmative defenses in Rule 8(c)(i).[1] Nowhere in this list is there anything even remotely related to the argument "alleged poor work performance" as Mr. Mauro would have the Court conclude.

Instead, the notion of "alleged poor work performance" by Plaintiff speaks directly to Plaintiff's burden (not Defendants) to show the requisite "causal nexus" between any proven unfair labor practice and the damage asserted. See Betal Envtl. Corp. v. Local Union No. 78, Asbestos, Lead & Hazardous Waste Laborers, 162 F. Supp. 2d 246, 255 (S.D.N.Y. 2001), aff'd sub nom., Betal Envtl. Corp. v. Local Union No. 78, 39 F. App'x 688 (2d Cir. 2002) ("even assuming an unfair labor practice . . . Section 303 [] requires that there be a causal nexus between the unlawful secondary activity and the injury suffered by the plaintiff.").

---

[1] These affirmative defenses are limited to: "• accord and satisfaction;• arbitration and award;• assumption of risk;• contributory negligence;• duress;• estoppel;• failure of consideration;• fraud;• illegality;• injury by fellow servant;• laches;• license;• payment;• release;• res judicata;• statute of frauds;• statute of limitations; and• waiver." FRCP 8(c)(i).

This is not an affirmative defense identified in Rule 8 -- this is an evidentiary problem for Mr. Mauro and his client as it relates to Plaintiff's case-in-chief.  Rule 8 is not implicated.  See Abayneh v. Zuelch, 10-cv-415 (RLM), 2011 WL 572407 (N.D.Ind. Feb. 14, 2011) (citing Sundstrand Corp. v. Standard Kollsman Indus., Inc., 488 F.2d 807, 813 (7th Cir.1973) ("A defendant need plead affirmatively only those defenses upon which he bears the burden of proof.")).

To the extent Mr. Mauro asks the Court to write into Rule 8(c)(i) the words "alleged poor work performance," or even more accurately, "Plaintiff cannot prove the essential third element of its claim," such efforts should be rejected by the Court.

B. There Was Ample Notice of this Argument

The parties have been litigating the question of whether or not Plaintiff's "alleged poor work performance" was the cause of the alleged damage since the outset of this litigation.  The issue came up in discovery demands, repeatedly during depositions and was squarely addressed in summary judgment.  See ECF Docket No. 70-1, pp. 3, 17-19.  Mr. Mauro opposed the motion for summary judgment in March 2013, ECF Docket No. 70-4, and makes no argument regarding this being an unplead affirmative defense.  Instead he engages on the merits, as he should, since this evidence speaks not to an affirmative defense but instead to probative evidence related to Plaintiff's obligatory third element.

However, even if this Court would somehow find that "alleged poor work performance" is an affirmative defense listed in FRCP 8 (which it is not), the Second Circuit has long established that "a district court may consider the merits of an affirmative defense, even one explicitly listed as such in Fed.R.Civ.P. 8(c), raised for the first time at the summary judgment

stage, so long as the plaintiff has had an opportunity to respond." Schwind v. EW & Associates, Inc., 357 F. Supp. 2d 691, 698 (S.D.N.Y. 2005) (citing extensive authority).

Here, we have been litigating the question of Plaintiff's alleged poor work performance since discovery has commenced. Mr. Mauro has had ample notice. His last minute efforts otherwise should be disregarded.

C. There Has Been No Waiver

Again as best as can be parsed, Mr. Mauro is finally asserting that I have waived this argument on behalf of my client. I take particular umbrage at Mr. Mauro's sharp practice in this regard.

First, the Court should recognize that the excerpt of colloquy between myself and Judge Brown on February 11, 2013, was in the context of Plaintiff's pending application to amend the complaint to add anti-trust claims.[2] This colloquy with Judge Brown had nothing at all to do with the Section 303 claims being tried starting this coming Monday.[3]

In any case, even the single case cited by Mr. Mauro stands for the proposition that the instant application is entirely frivolous even on this last ditch basis of waiver. In Bailey v. Pataki, 08-cv-8563 (JSR), 2013 WL 3379305 (S.D.N.Y. July 8, 2013), Judge Rakoff considered whether an Assistant Attorney General appearing on behalf of the Governor could waive a certain affirmative defense (the "advice of counsel" defense) on behalf of the Governor. Judge

---

[2] Judge Brown ultimately rejected Plaintiff's application as futile and this Court adopted Judge Brown's report and recommendation.

[3] Should the Court be entertaining the instant motion, it is respectfully asked to read the entire transcript (at ECF Docket No. 67) to understand that undersigned counsel and Mr. Mauro were engaged in extensive colloquy with Judge Brown regarding "interesting" (a phrase used by Mr. Mauro, myself and Judge Brown no less than 12 times during the colloquy) issues arising out of Plaintiff's anti-trust allegations, vertical and horizontal restraints, etc. Other than some clerical issues regarding the pretrial order, the Section 303 claims were not even discussed.

Rakoff, recognizing that such a waiver is to be given credence only when clear and unequivocal, gives vivid description to the Assistant Attorney General's very clear and unequivocal waiver:

> Governor Pataki acknowledged in his submission that . . . attorneys from the New York Attorney General's office, who represented him at the time, expressly waived any advice-of-counsel defense. However, Governor Pataki argued that he was unaware of this waiver until very recently, that he was never asked about waiving the defense, and that discovering this waiver is what caused him to seek new counsel at this late date.
>
> [C]ounsel for Governor Pataki failed to assert the affirmative defense of advice of counsel in any of his answers to the six complaints in these consolidated actions. [M]oreover, his counsel expressly denied reliance on advice-of-counsel as a defense in an October 20, 2009 letter to the Court, in addition to at the May 13, 2010 hearing mentioned above . . . Nor was the waiver at the May 13, 2010 hearing a general waiver as to all defendants without taking into consideration Governor Pataki's unique role. Indeed, at that hearing, the Court itself brought to defense counsel's attention the very factual scenario and legal argument that Governor Pataki now seeks to rely upon. Specifically, the Court stated:
>
>> [O]ne thing that a prudent governor might well have done—and there's some testimony in this case that he did do—was rely on his legal counsel to make sure that everything was copasetic. But if he did do that, and it was material to his determination, then he would have an advice of counsel defense and we would have had to have discovery on that, etc. So if instead, as you've chosen to do, perfectly properly, you said we're not going to rely on counsel, we're not going to raise advice of counsel defense, it can't creep in indirectly by saying, well, inherently all governors rely to some extent on counsel.
>
> At the May 13 hearing, the Court also made clear that if the defense were to be waived, "there cannot be considered on th[ese] motions, and there cannot be considered at trial, and there will not be permitted at trial any testimony of the form, well, I relied on counsel to make sure this was fine." Moreover, the Court clarified that advice of counsel could be relevant to the question of Governor Pataki's "actual intent." <u>In response to all this, the Assistant Attorney General then representing the Governor flatly affirmed for the "umpteenth time" that "there's no advice of counsel defense."</u>

6

Bailey, 2013 WL 3379305 at *2-3 (emphasis added, citations omitted).

Nothing even closely resembling such a waiver is present here. Instead, the colloquy cited was made on a wholly unrelated question. There's no "umpteenth" time here, as there was in Bailey, there was only the dialogue between interested counsel and Judge Brown on the quite interesting subject of the complicated world of anti-trust violations --nothing at all related to Plaintiff's obligations in the Section 303 claims.

Mr. Mauro's assertion that this colloquy somehow constitutes a "clear and unequivocal waiver," Tray-Wrap, Inc. v. Six L's Packing Co., Inc., 984 F.2d 65, 68 (2d Cir. 1993), of Defendant's argument that Plaintiff cannot prove its third element because of Plaintiff's poor work performance is frivolous at best and should be rejected.

III.   Conclusion

There is no merit to the instant application by Mr. Mauro. It is untimely, procedurally defective and substantively frivolous.

Dated: Rhinebeck, New York
      August 16, 2013                                      /s/ Nathaniel K. Charny
Nathaniel K. Charny (NC 5664)
Charny & Associates
9 West Market Street
Rhinebeck, New York 12572
Tel - (845) 876-7500
Fax - (845) 876-7501
ncharny@charnyandassociates.com

Attorneys for Defendant Local 137 Sheet Metal Workers International Association