UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TRU-ART SIGN CO., INC.,

         Plaintiff,

        -against-

LOCAL 137, SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION,

         Defendant.
-------------------------------------------------------X

MEMORANDUM AND ORDER

11-CV-1709

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ SEP 29 2015 ★
LONG ISLAND OFFICE

WEXLER, District Judge:

    Before the Court is the motion of Tru-Art Sign Co., Inc. ("Tru-Art" or "Plaintiff") for prejudgment interest and costs against Defendant Local 137, Sheet Metal Workers International Association ("Local 137" or "Defendant") in the amount of $245,247.43. This claim for unfair labor practices in violation of § 303 of the Labor Management Relations Act ("LMRA") was tried before this Court in August 2013. The jury returned a verdict in Plaintiff's favor in the amount of $650,000.00, and judgment was entered in that amount on August 27, 2013, "with no costs or fees awarded to either party." See ECF entry 96.

    Defendant appealed and by decision dated July 24, 2014, the Second Circuit affirmed the finding of liability but vacated the damages portion and remanded for a new trial on that issue. The Court noted in its order that "[a]s an alternative to a new trial, the District Court may, in its discretion, offer Tru-Art the option of accepting a remittitur of the portion of the damages found to be excessive, consistent with this order," see ECF entry 103, at 4, noting damages should have been calculated at $440,000.00, not the $650,000 argued by counsel at closing without evidentiary support.

-1-

Thereafter, a conference was held and Plaintiff's counsel elected for the remittitur rather than a new trial. At that time, Plaintiff's counsel also requested prejudgment interest, which Defendant's counsel opposed. Judgment was entered on October 29, 2014 in the amount of $440,000.00, see ECF entry 113, and this motion followed.

## DISCUSSION

Plaintiff seeks prejudgment interest from January 2011 through October 2014, at a rate of 9%, for a total of $180,476.30. It also seeks costs, including witness fees, travel costs to attend depositions, transcripts, trial graphics, printing costs, filing fees, postage and *pro hac vice* admission fees. Total prejudgment interest and costs requested is $245,247.43.

Defendant opposes Plaintiff's motion on various grounds. First, it argues that Plaintiff's request to amend the judgment to include prejudgment interest and costs is untimely. It argues that because Plaintiff's counsel opted for the "alternative" of remittitur rather than a new trial, the first judgment was never vacated by the Second Circuit. Thus, the present motion -- seeking to amend a judgment under Rule 59(e) -- was not brought within 28 days of the operative (first) judgment as required and is untimely. In response, Plaintiff argues that the Second Circuit did vacate the original judgment, regardless of the remittitur, and the (second) judgment entered after Plaintiff accepted the remittitur is the operative judgment, making this motion timely.[1]

Defendant also argues that even if the motion is timely, it should be denied since Plaintiff failed to raise the issue earlier, which would have permitted the fact-finder/jury to determine when pre-judgment interest should begin, that the requested 9% interest rate is inappropriate on a

---

[1]The Court finds it unnecessary to determine which judgment is operative and whether this motion is timely for the reasons stated below.

federal claim, and that the costs sought are excessive.

1. Prejudgment Interest

The Court declines to award prejudgment interest in this case. First, it is in the trial court's "broad discretion to elect whether and how to compute pre-judgment interest." Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 55-56 (2d Cir. 1998) (citing Commercial Union Assurance Co. v. Milken, 17 F.3d 608, 613–14 (2d Cir.1994)). In Wickham Contracting Co., Inc. v. Local Union No. 3, Intern. Broth. of Elec. Workers, AFL-CIO, 955 F.2d 831, 836 (2d Cir. 1992), the Second Circuit held the trial court had discretion to award prejudgment interest in claims brought under § 303 of the LMRA, and restated the factors to be considered, previously articulated by the Supreme Court, to be "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." Id., 955 F.2d at 834 (citing Loeffler v. Frank, 486 U.S. 549, 557-58, 108 S.Ct. 1965, 1970-71, 100 L.Ed.2d 549 (1988); (other citations omitted)). Consideration should be given to "[t]he speculative nature of the damages in question,"[2] as well. Id., at 836.[3] Awards of

---

[2]Wickham recognized the old common law rule that interest was not recoverable where damages are unliquidated, or difficult to ascertain with precision at the time of the alleged wrongdoing, but stated that rule "no longer retains its old vitality." Wickham, at 836. "Prejudgment interest is now commonly awarded in cases where the loss cannot be determined with certainty at the time of injury, but is susceptible to calculation by the time of trial or judgment, e.g., wrongful termination cases, securities fraud cases, patent infringement cases." Thomas v. City of Mount Vernon, No. 89 Civ. 0552 (JFK) (THK), 1992 WL 84560, *1 (S.D.N.Y. April 10, 1992) (quoting Wickham, at 836).

[3]In Wickham, the Court awarded prejudgment interest in the amount of $50,000 following a jury verdict of $41,000, where it was clear the plaintiff had suffered actual damage and had been deprived of profits lost due to a secondary strike 16 years earlier. Id., at 837.

prejudgment interest must not overcompensate a plaintiff. Id., 955 F.2d at 834; Thomas v. City of Mount Vernon, 1992 WL 84560, at *1.

The Court finds that prejudgment interest is not warranted here. As noted above, Plaintiff obtained a judgment for $440,000.00 for Defendant's unfair conduct, following a trial and jury verdict. Having heard the evidence, the Court finds this to be fair and sufficient compensation. There are no special circumstances in this case that warrant additional compensation, and indeed, any additional award in the form of prejudgment interest will likely result in an overcompensation to the Plaintiff, which the Second Circuit has cautioned against. While not determinative, the Court also notes that prejudgment interest was not specifically requested in the complaint, was not raised at the time of trial, and was only raised for the first time at the conference following the mandate from the Second Circuit. Simply put, the circumstances of this case do not warrant prejudgment interest, and therefore Plaintiff's motion is denied.[4]

2. Costs

Plaintiff also seeks costs in the amount of $64,771.13, which includes witness fees, travel costs to attend depositions, transcripts, trial graphics, printing costs, filing fees, postage and *pro hac vice* admission fees. The Court finds that the costs requested are excessive, particularly the "trial graphics" in the amount of $45,994.44. Furthermore, the first judgment in this case

---

[4]In light of this, the Court finds it unnecessary to address Plaintiff's request that the interest be calculated in the state court amount of 9% and that it be compounded monthly. Yet, the Court notes that while 9% interest applies in state court, and arguably to state claims litigated in federal court, this is a federal claim and postjudgment interest in federal court is much lower -- governed by 28 U.S.C. § 1961, calculated off the Treasury yield, and compounded annually. Plaintiff's request for 9% prejudgment interest here, compounded monthly, when it is only entitled to significantly less in federal postjudgment interest is overreaching, like its other requests.

explicitly declined to award costs, which Plaintiff never sought to amend or challenge, and the Court finds no reason to rule otherwise at this juncture. Plaintiff's motion for costs is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for prejudgment interest and costs is denied. The Clerk of the Clerk is directed to close the case.

SO ORDERED.

                                              s/ Leonard D. Wexler
                                              LEONARD D. WEXLER
                                              UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        September 29, 2015